UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SHARLETTE JIMERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 1:22-CV-54-HAB |
| | ) |
| CITY OF FORT WAYNE and | ) |
| SERGEANT SHANNON HUGHES, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

It is not an original observation to note that the modern cell phone is hardly just a phone. It is a computer, music player, television, video game console, and, pertinent here, video camera. Plaintiff used her cell phone to record Defendant Sergeant Shannon Hughes' ("Hughes") interaction with another individual. Plaintiff alleges that Hughes violated her Constitutional rights and Indiana state law when Hughes seized Plaintiff's phone and blocked Plaintiff's vehicle from leaving the scene. Defendant has filed a motion for summary judgment (ECF No. 14) which is now fully briefed (ECF No. 16, 23, 28).

**I.      Factual Background**

In May 2021, the Fort Wayne Police Department received a call of an accident involving a Camaro, donuts, and a telephone pole. Hughes reported to the scene and approached who she believed to be the driver of the Camaro As Hughes and the driver were having a conversation, Plaintiff approached. Hughes alleges that Plaintiff yelled expletives at her, something Plaintiff denies. What is clear is that Plaintiff was not happy about Hughes' interaction with the driver and was making her displeasure clear.

From Hughes' standpoint, Plaintiff's presence and conduct was making her investigation harder. Hughes asked Plaintiff to be quiet and leave, stating that Plaintiff was being disorderly. When Plaintiff refused, Hughes decided that the best action was to leave and allow other officers to complete the investigation. As Hughes walked to her squad car, Plaintiff followed, accusing Hughes of being racist. When Hughes turned to face Plaintiff, Plaintiff raised her cell phone and began recording Hughes. Hughes objected and reached out for Plaintiff's cell phone. Hughes grabbed the phone, scratching Plaintiff's hand in the process. Hughes held the phone for two or three seconds before releasing it.

After getting her cell phone back, Plaintiff walked to a nearby van and got in. Plaintiff found that officers had parked the car in, although there is a dispute about whether the patrol cars were in place when Plaintiff arrived in the van or if Hughes had directed officers where to park after Plaintiff arrived. No matter: one of the patrol cars quickly moved out of the van's way and Plaintiff left.

**II.     Legal Discussion**

**A.     *Summary Judgment Standard***

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The non-moving party must marshal and present the Court with evidence on which a reasonable jury could rely to find in their favor. *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). A court must deny a motion for summary judgment when the nonmoving party presents admissible evidence that creates a genuine issue of material fact. *Luster v. Ill. Dep't of Corrs.*, 652 F.3d 726, 731 (7th Cir. 2011) (citations omitted). A court's role in deciding a motion for summary judgment "is not to sift through the evidence, pondering the nuances and

inconsistencies, and decide whom to believe. The court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Heochst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994).

Facts that are outcome determinative under the applicable law are material for summary judgment purposes. *Smith ex rel. Smith v. Severn*, 129 F.3d 419, 427 (7th Cir. 1997). Although a bare contention that an issue of material fact exists cannot create a factual dispute, a court must construe all facts in a light most favorable to the nonmoving party, view all reasonable inferences in that party's favor, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 491–92 (7th Cir. 2000), and avoid "the temptation to decide which party's version of the facts is more likely true," *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). A court is not "obliged to research and construct legal arguments for parties, especially when they are represented by counsel." *Nelson v. Napolitano*, 657 F.3d 586, 590 (7th Cir. 2011).

**B.     *Defendants are Entitled to Qualified Immunity***

Qualified immunity[1] shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was "clearly established" at the time of the challenged conduct. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). District courts have discretion to decide which of the two prongs of the qualified immunity analysis to tackle first. *Person v. Callahan*, 555 U.S. 223, 236 (2009).

The Court recognizes that the parties' versions of events do not line up perfectly, particularly about Plaintiff's role in the confrontation. Still, the mere existence of disputed facts is

---

[1] Plaintiff alleges violations of both the Fourth and Fourteenth Amendments. Distinguishing between the two is not critical for the qualified immunity decision. Indeed, the Seventh Circuit has explained that it made "no difference that our circuit caselaw situated the constitutional violation in the Due Process Clause rather than the Fourth Amendment." *Lewis v. City of Chicago*, 914 F.3d 472, 477 (7th Cir. 2019).

3

not enough to defeat summary judgment. Instead, for Plaintiff to prevail, the disputed facts must be material to the question of qualified immunity. *Hernandez v. Cook Cty. Sheriff's Off.*, 634 F.3d 906, 916 (7th Cir. 2011). Even if the Court accepts all Plaintiff's facts as true, the right she seeks to vindicate is not clearly established.

Two recent decisions from the Supreme Court of the United States have clarified what it means for a right to be "clearly established." *See City of Tahlequah, Oklahoma v. Bond*, 142 S.Ct. 9 (2021); *Rivas-Villegas v. Cortesluna*, 142 S.Ct. 4 (2021). Both cases emphasize that clearly established law cannot be defined "at too high a level of generality." *Bond*, 142 S.Ct. at 11. "It is not enough that a rule be suggested by then-existing precedent; the rule's contours must be so well defined that it is clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id*. (internal quotations omitted).[2]

Fourth Amendment cases call for particular specificity, as it is "sometimes difficult for an officer to determine how the relevant legal doctrine . . . will apply to the factual situation the officer confronts." *Id*. at 11–12. Thus, to show a violation of clearly established law, Plaintiff must identify a case that put Defendants on notice that their specific conduct was unlawful. *Cortesluna*, 142 S.Ct. at 8.

Plaintiff has conceded that her Fourth Amendment claim for excessive force fails, but still asserts that her rights were violated when her phone was seized, and she was prevented from exercising her First Amendment right to record Hughes' conduct. To survive summary judgment, Plaintiff must identify at least one case that put Hughes on notice that her conduct was unlawful. In this task, Plaintiff has failed.

---

[2] There is some suggestion in *Cortesluna* that the case must come from the Supreme Court of the United States. *Cortesluna*, 142 S.Ct. at 8 ("Even assuming that Circuit precedent can clearly establish law for purposes of § 1983 . . . ..")

The unlawful seizure claim is the easiest to address. Plaintiff does not discuss a single case, no matter the level of specificity, to support her claim that Hughes violated Plaintiff's Constitution rights when Hughes seized the phone. (ECF No. 23 at 2–3). Defendant is entitled to qualified immunity on this claim.

The First Amendment claim is only slightly harder to analyze. Plaintiff relies mainly on *Craft v. Billingslea*, 459 F. Supp. 3d 891 (E.D. Mich. 2020). But no matter how on-point *Craft* may be, as a district court decision it cannot make clearly established law. *Krasno v. Mnookin*, --- F. Supp. 3d ---, 2022 WL 16635246, at *23 (W.D. Wis. Nov. 2, 2022); citing *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011). *Craft* cannot save Plaintiff's case.

Plaintiff's other cases do not show the clearly established law that she needs. *American Civil Liberties Union of Ill. v. Alvarez*, 679 F.3d 583 (7th Cir. 2012), stands at most for the proposition that the public has a First Amendment right to make audio recordings of police officers performing their duties in public. *Id*. at 606. It says nothing about video recordings (although they are at least implicitly covered by the holding) or whether restricting an individual's ability to record for two or three seconds violates the First Amendment. *Paterek v. Vill. of Armada, Mich*, 801 F.3d 630 (6th Cir. 2015), addresses First Amendment claims in the context of allegations that a municipality retaliated against an individual for statements made during a zoning dispute. It says nothing about the conduct of police while being filmed. Plaintiff's final case, *Gekas v. Vasiliades*, 814 F.3d 890 (7th Cir. 2016), deals with a dentist's claim that he faced unnecessary investigations by a state regulatory board in retaliation for speech. Again, *Gekas* is so far-afield of the current fact pattern that it could not have informed Hughes' conduct.

Simply put, Plaintiff has cited no case that would have told Hughes that her conduct was unlawful. She has not, then, defeated Hughes' assertion of qualified immunity. Summary judgment for Hughes' on all federal claims is appropriate.

C.  ***Remaining State Law Claims***

For the reasons stated above, the Court will grant Defendants' motion for summary judgment on all federal claims. Because that disposition leads to the dismissal of all claims over which the Court has original jurisdiction, see 28 U.S.C. § 1367(c)(3), the Court must address whether to retain jurisdiction over the state law claims and rule on Defendants' motion for summary judgment related to those claims.

As the Seventh Circuit consistently has stated, "it is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999); *see also Williams v. Rodriguez*, 509 F.3d 392, 404 (7th Cir. 2007) ("As a general matter, when all federal claims have been dismissed prior to trial, the federal court should relinquish jurisdiction over the remaining pendant state claims"); *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251 (7th Cir. 1994) ("the general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendant state-law claims rather than resolving them on the merits"). Yet the court of appeals has discussed "three well-recognized exceptions" to the general rule that "when all federal-law claims are dismissed before trial, the pendent claims should be left to the state courts." *Wright*, 29 F.3d at 1252. As the court has explained, sometimes there are "unusual cases in which the balance of factors to be considered under the pendent jurisdiction doctrine — judicial economy, convenience, fairness, and comity — will point to a federal decision of the state-law claims on the merits." *Id*.

The first example that the court discussed occurs "when the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court." *Wright*, 29 F.3d at 1251. That concern is not present here, however, because Indiana law gives a plaintiff three years from the dismissal on jurisdictional grounds of state law claims in federal court in which to refile those claims in state court. *See* Ind. Code § 34-11-8-1.

The second exception recognized in *Wright* applies when "substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort." 29 F.3d at 1251 (quoting *Graf v. Elgin, Joliet & E. Ry. Co.*, 790 F.2d 1341, 1347–48 (7th Cir. 1986)). Here, although the Court has devoted significant resources to the disposition of the federal claim on summary judgment, it has not delved deeply into the state law claims. *See Davis*, 534 F.3d at 654 ("the district court disposed of the federal claims on summary judgment, and so 'substantial judicial resources' have not yet been committed to the case"). Thus, while there clearly are times when "a district court should exercise supplemental jurisdiction over pendent state law claims for reason of judicial efficiency," *Miller Aviation v. Milwaukee Cty. Bd. of Supervisors*, 273 F.3d 722, 732 (7th Cir. 2001), this is not one of them.

The third circumstance to which the court of appeals has pointed in which disposition of pendent state law claims may be appropriate "occurs when it is absolutely clear how the pendent claims can be decided." *Wright*, 29 F.3d at 1251. For example, "[i]f the district court, in deciding a federal claim, decides an issue dispositive of a pendent claim, there is no use leaving the latter claim to the state court." *Id*. In addition, if the state-law claims are "patently frivolous," they should be resolved right away in the federal court. *Id*. Still, "[i]f the question whether a state-law claim lacks merit is not obvious, comity concerns may dictate relinquishment of jurisdiction." *Id*. This is a close call. The Court believes that Plaintiff's state law claims are likely without merit, but it

7

ultimately concludes that it cannot say with certainty that they are frivolous. While Plaintiff's state court claims arise out of the same facts as his now-defunct federal claims, they are still subject to distinct legal analysis.

In sum, the Court finds that none of the exceptions to the "usual practice" applies in this case. As a result, the Court denies Defendants' motion for summary judgment without prejudice on Plaintiff's state law claims and dismisses those claims with leave to refile in state court.

## III.   Conclusion

For these reasons, the Court GRANTS Defendants' motion for summary judgment on all federal claims. The Court DENIES Defendants' motion for summary judgment on Plaintiff's state law claims. Those claims are DISMISSED WITHOUT PREJUDICE to refiling in state court. With no claims remaining, the Clerk is DIRECTED to enter judgment for Defendants and against Plaintiff.

SO ORDERED on February 23, 2023.

  s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT